**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

HAROLD DAVEY CASSELL                                                                                    PLAINTIFF
ADC #73885

V.                                        5:04CV00093 WRW/HDY

CORRECTIONAL MEDICAL SERVICES, *et al.*                                              DEFENDANTS

**ORDER**

Plaintiff filed this U.S.C. § 1983 complaint on March 10, 2004, alleging that Defendants provided him with inadequate medical care, which violated his constitutional rights and constituted medical negligence. Now pending before the Court are motions for summary judgment filed by Defendants Hermann Jonak, D.O. (docket entry #157); Tom Bradshaw, Roland Anderson, M.D., Dottie Yarbrough, Correctional Medical Services ("CMS"), and Jason Casey, M.D. (docket entry #161); and Max Mobley and John Byus (docket entry #163). Plaintiff has filed a response, along with a brief in support, and two affidavits (docket entries #178-79, #181-82). All Defendants have filed a reply to Plaintiff's responses (docket entries #177, #183, #184). The Court will address each motion separately.

**I. Background**

Plaintiff has been incarcerated in the Arkansas Department of Correction ("ADC") since 1979. He was diagnosed with Hepatitis C in 1999, while he was incarcerated at the Cummins Unit. Although Plaintiff underwent testing at various times, treatment was not initiated until April of 2002, and, according to Plaintiff, the treatment course he received was not the most effective available. That treatment continued until March of 2003, and initially appeared to be successful. However,

1

Plaintiff's condition deteriorated, and medication therapy was again commenced in February of 2005. That therapy has apparently only recently concluded.

## II. Standard of Review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## III. Analysis of 1983 claim

*A. Hermann Jonak*

Plaintiff specifically contends that Defendant Jonak failed to possess or act in accordance with the degree of skill and learning used by members of the medical profession in good standing in Arkansas. According to Plaintiff, on February 4, 2003, Defendant Jonak deliberately discontinued his treatment in the second stage, did not treat Plaintiff in accordance with established treatment protocol, and did everything in his power to stop treatment for the disease. Defendant Jonak has

now moved for summary judgment (docket entry #157), contending that his actions were neither negligent nor a violation of Plaintiff's constitutional rights.  In support of his motion, Defendant Jonak has filed a brief, and attached exhibits to the motion.

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  To succeed with an inadequate medical care claim, a plaintiff must allege and prove that:  (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.  *Dulany v. Carnahan*, 132 F.3d at 1239.  Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation."  *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Although Plaintiff claims that Defendant Jonak discontinued his treatment on February 4, 2003, Plaintiff's testimony at the evidentiary hearing reveals that Plaintiff continued to receive his medication, and in fact finished up the program as planned (docket entry #157, exhibit A, page 53). Defendant Jonak has submitted an affidavit in which he denies stopping Plaintiff's first round of drug therapy, or denying or delaying Plaintiff's medical treatment; states that Plaintiff's treatment was appropriate; and denies that he was deliberately indifferent to Plaintiff's medical needs (docket entry #157, exhibit B, page 2). Additionally, Plaintiff's treating physician, Abdalla Tahiri, testified

at deposition that Plaintiff received all the medication and treatment he should have for his condition (docket entry #157, exhibit C, page 44).[1] Dr. Tahiri also opined that the treatment Plaintiff received for his Hepatitis C exceeded the medically recognized standard (docket entry #157, exhibit C, pages 32-33).[2] In his response to Defendant Jonak's motion, Plaintiff asserts that he "believes" that Defendant Jonak was incompetent to treat his condition, and specifically cites his decision to prescribe iron on "a couple of occasions" (docket entry #179). However, Defendant Jonak has also submitted an affidavit from Michael S. Dragutsky, M.D., a gastroenterologist who regularly treats patients with Hepatitis C.[3] According to Dr. Dragutsky, the fact that Defendant Jonak ordered a multi-vitamin with iron for Plaintiff would not cause any harm to him or negatively impact his prognosis. Dr. Dragutsky further stated that the care provided by Defendant Jonak met the appropriate standard of care (docket entry #157, exhibit D). Defendant Anderson has also provided an affidavit detailing Plaintiff's treatment, and stating that his treatment met the standard of practice (docket entry #160, exhibit A).

Plaintiff has submitted no medical opinions supporting his claims of constitutional violations by Defendant Jonak. In summary, four physicians have offered opinions that Plaintiff's medical care for his Hepatitis C met or exceeded appropriate standards, in contrast with Plaintiff's self-assessment that he should have been treated earlier, or in a different fashion. An inmate complaining that a

---

[1] Although Plaintiff asserts in an affidavit that he was not allowed to attend the deposition of Dr. Tahiri, his attorney was present (docket entry #157, exhibit C, page 47).

[2] Plaintiff has previously identified Dr. Tahiri as a "liver specialist," and suggested that his presence at a pre-jury evidentiary hearing would have bolstered his case (docket entry #116, page 4).

[3] Dr. Dragutsky reviewed Plaintiff's ADC medical records, the transcript of the December 13, 2004, evidentiary hearing, the deposition of Dr. Tahiri, and Plaintiff's complaint before he rendered his opinion.

delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in order to succeed. *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995). Plaintiff has simply failed to do so. In the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment. *Dulany v. Carnahan*, 132 F.3d at 1240.

*B. Defendants Tom Bradshaw, Roland Anderson, Dottie Yarbrough, CMS and Jason Casey*

Defendants Bradshaw, Anderson, Yarbrough, CMS, and Casey, have also filed a motion for summary judgment (docket entry #160). Plaintiff alleges that Defendant Casey, a physician, initially examined him on November 8, 1999, for treatment of irregular bowel syndrome (docket entry #1, complaint pages 6 and 8). Defendant Casey ordered various tests, and examined Plaintiff several times through March 23, 2000. According to Plaintiff, Defendant Casey ordered blood tests on September 1, 2000, but did not examine him at the time. Plaintiff made no further allegations regarding Defendant Casey. The statute of limitations for § 1983 actions in Arkansas is three years. *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991). Because Defendant Casey has not had involvement in Plaintiff's treatment for more than three years before Plaintiff filed his complaint, Defendant Casey's motion for summary judgment should be granted on this basis alone.

Defendants Anderson and Casey are physicians, and Defendants Bradshaw and Yarbrough are health service administrators. Although Plaintiff has advanced various claims of deliberate indifference against each, he has failed to provide any medical evidence that his treatment was in any way deficient. As discussed above, Defendants Jonak, Anderson, and Tahiri, all physicians, and Dr. Dragutsky, have offered sworn statements that Plaintiff's care met or exceeded standards. In fact, Defendant Tahiri testified at his deposition that Plaintiff's care actually exceeded that he

5

provided in the private sector (docket entry #160, exhibit D, page 33).  Accordingly, for the same reasons the motion for summary judgment of Defendant Jonak should be granted, the summary judgment motion filed by Defendants Casey, Anderson, Bradshaw, and Yarbrough should be granted.  *See Dulany v. Carnahan*, 132 F.3d at 1240.

CMS has also moved for summary judgment, stating that Plaintiff's allegations against it are conclusory, and fail to identify any specific CMS policies that have resulted in a violation of his rights.  In this case, Plaintiff appears to be attempting to advance a *respondeat superior* claim against CMS.  As Defendant CMS notes, such a theory cannot be a basis for a § 1983 action.  A corporation acting under color of state law will be held liable only for its own unconstitutional practices.  *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993); *citing Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978).  Because Plaintiff has failed to identify any specific policy that results in a denial of his constitutional rights, the motion for summary judgment in favor of CMS should be granted as well.

*C.  Max Mobley and John Byus*

Defendants Max Mobley and John Byus have also moved for summary judgment (docket entry #163).  As Defendants Mobley and Byus note, they are not medical doctors, and were not involved in his treatment decisions.  Plaintiff does not appear to allege that they denied him access to physicians, or medical treatment, but rather that they did not respond to his grievances with resolutions that he found acceptable.  Plaintiff seems to be asserting that they are responsible due to their roles in supervising CMS and its employees.  That, however, is insufficient to establish liability.  Therefore, Defendants Byus and Mobley's motion for summary judgment should be granted.  *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (general responsibility for supervising prison operations is insufficient to establish personal involvement required to support

liability; where prison official was not involved in treatment decisions and lacked medical expertise, and medical-care inquiries were referred to medical unit, claim should have been brought against individual directly responsible for inmate's medical care).

### IV.  State claims

Because the Court has determined that Defendants' motions for summary judgment should be granted with respect to his federal constitutional claims regarding his medical treatment, the Court will decline to exercise supplemental jurisdiction over his state claim of medical negligence. *See Gibson v. Weber*, 433 F.3d 642 (8th Cir. 2006) (Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed).

Even if the Court were to consider the state law medical negligence issue, Plaintiff's claims would have to be dismissed because he has failed to support his allegations with expert testimony. The Arkansas Supreme Court has held, and Ark. Code Ann. § 16-114-206(a) requires, that, in actions for medical injury, the "plaintiff must prove the applicable standard of care; that the medical provider failed to act in accordance with that standard; and that such failure was the proximate cause of the plaintiff's injuries." *Williamson v. Elrod*, 348 Ark. 307, 311, 72 S.W.3d 489, 492 (2002). Arkansas further requires that expert testimony is necessary to establish the standard of care in a medical negligence case when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge.  Ark. Code Ann. § 16-114-206(a); *Dooley ex rel. Estate of Pannell v. Cap-Care of Arkansas, Inc.*, 338 F. Supp. 2d 962, 964 (E.D. Ark. 2004).  Accordingly, Plaintiff's lack of expert opinion defeats his state medical negligence claim as well.

### V.  Conclusion

IT IS THEREFORE ORDERED THAT:

1. The motion for summary judgment filed by Defendant Jonak (docket entry #157) is GRANTED, Plaintiff's claims against Defendant Jonak are DISMISSED WITH PREJUDICE, and he is dismissed as a party Defendant.

2. The motion for summary judgment filed by Defendants Bradshaw, Anderson, Yarbrough, CMS, and Casey (docket entry #160), is GRANTED, Plaintiff's claims against Defendants Bradshaw, Anderson, Yarbrough, CMS, and Casey are DISMISSED WITH PREJUDICE, and they are dismissed as party Defendants.

3. The motion for summary judgment filed Defendants Mobley and Byus (docket entry #163) is GRANTED, Plaintiff's claims against Defendants Mobley and Byus are DISMISSED WITH PREJUDICE, and they are dismissed as party Defendants.

4. All pending motions are DENIED AS MOOT.

DATED this 27th day of March, 2006.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE